UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY GAMBLE, #587352,

    Plaintiff,      Hon. Paul L. Maloney

v.      Case No. 1:16-cv-1118

MUSKEGON COUNTY
SHERIFF'S DEPARTMENT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Lopez's Motion for Summary Judgment, (ECF No. 31), and Defendants' Motion for Summary Judgment, (ECF No. 33). Plaintiff initiated this action alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. The defendants on whom service has been effected now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be **granted**. The undersigned also recommends that Plaintiff's claims against the John Doe defendants be **dismissed for failure to timely effect service**.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

-1-

Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Exhaustion**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as

"compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Plaintiff alleges that the events giving rise to this action occurred while he was housed in the Muskegon County Jail. In support of their motions, Defendants have submitted evidence that the Muskegon County Jail has in place a grievance process by which inmates can seek redress for matters that cannot be adequately resolved by the on-duty jail staff. (ECF No. 31-3 at PageID.114-15). Defendants have also submitted evidence that Plaintiff never submitted a grievance regarding the matters alleged in his complaint. (ECF No. 31-1 at PageID.105-13). Plaintiff conceded during his deposition that he failed to exhaust his administrative remedies. (ECF No. 37-3 at PageID.185-87). Specifically, Plaintiff testified that he did not even request a grievance form because he "knew they wasn't going to give me one." (ECF No. 37-3 at PageID.187). However, Plaintiff's subjective belief that he would not be provided a grievance form does not excuse his failure to exhaust his administrative remedies. *See, e.g., Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) ("exhaustion is required even if the prisoner subjectively believes the remedy is not available").

Plaintiff has failed to respond to the present motion. Because Plaintiff has presented neither evidence nor argument opposing Defendants' motions, the Court finds that Defendants have satisfied their burden to establish that Plaintiff failed to properly exhaust his administrative remedies with respect to his various claims.

**II.        Failure to Timely Effect Service**

In addition to the named defendants against whom service has been effected, Plaintiff initiated this action against two unidentified John Does. On October 25, 2106, the Court ordered that this matter be served on the named Defendants. (ECF No. 6). The Court also specifically noted, however, that it "lacks sufficient information" to order service on the John Doe defendants. (ECF No. 6). In the more than ten (10) months since, Plaintiff has neither requested an extension of time to effect service on the John Doe defendants nor requested the Court's assistance in identifying them.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Considering Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against the John Doe defendants be dismissed for failure to timely effect service.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant Lopez's Motion for Summary Judgment</u>, (ECF No. 31), and <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 33), both be **granted** and Plaintiff's claims against the named defendants be dismissed without prejudice for failure to exhaust administrative remedies. The undersigned further

recommends that Plaintiff's claims against the John Doe defendants be dismissed for failure to timely effect service.   The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: September 18, 2017  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge